JESSE S. FINLAYSON, SBN 179443
*jfinlayson@ftrlfirm.com*
SCOTT B. LIEBERMAN, SBN 208764
*slieberman@ftrlfirm.com*
**FINLAYSON TOFFER**
**ROOSEVELT & LILLY LLP**
15615 Alton Parkway, Suite 270
Irvine, CA 92618
Telephone: 949.759.3810
Facsimile: 949.759.3812

Attorneys for Plaintiff
Christopher R. Barclay, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>VEY'S BANDIT, LLC,<br><br>Debtor. | Case No. 22-00294-CL7<br><br>Chapter 7<br><br>Adv. Proc. No. 23-90001-CL |
| CHRISTOPHER R. BARCLAY, chapter 7 trustee,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN CAVADIAS, an individual and as the Trustee of THE CAVADIAS FAMILY 2003 TRUST, *et al.*,<br><br>Defendants. | **STIPULATION TO MODIFY ADVERSARY PROCEEDING SCHEDULING ORDER**<br><br>Complaint Filed: January 3, 2023<br>Trial: None Set |

Plaintiff Christopher R. Barclay, the chapter 7 trustee for the bankruptcy estate of Vey's Bandit, LLC (the "Debtor"), and Defendants Stephen Cavadias, Vey's Powersports, Inc., Robert Rosenberg, and Vicky Rosenberg (collectively, "Defendants"), by and through their counsel of record, hereby stipulate and agree as follows:

**RECITALS**

A.  The Trustee filed the Complaint in this adversary proceeding on January 3, 2023.  Adv. ECF No. 1.

B.  On April 7, 2023, shortly after the initial pre-trial status conference, this Court issued an Adversary Proceeding Scheduling Order (the "Scheduling Order") setting various deadlines in this adversary proceeding.  Adv. ECF No. 24.

C.  The Scheduling Order has not been previously modified.

D.  The Scheduling Order provides "[a]ll fact discovery must be propounded in time to be completed by **November 17, 2023**."

E.  The Trustee propounded written discovery and noticed several depositions all in time to be completed by the November 17, 2023 deadline in compliance with the Scheduling Order.  At Defendants' request, the Trustee extended the deadline for Defendants to respond to the Trustee's written discovery and rescheduled several of the noticed depositions.  Currently, all fact discovery is complete except (i) the deposition of Defendant Vey's Powersports, Inc. under Federal Rule of Civil Procedure 30(b)(6); and (ii) the deposition of Defendant Stephen Cavadias.  Both depositions were commenced but have not been completed.

F.  The Trustee recently received Defendants' written discovery responses on December 12, 2023.  The Trustee is still reviewing Defendants' written responses and may request that the Defendants clarify or supplement certain of their responses.

G.  The parties are working together in good faith to schedule the completion of the two remaining fact depositions and to resolve any potential disputes regarding Defendants' written discovery responses and/or document productions.

1

H. There are various upcoming deadlines under the Scheduling Order, including a December 22, 2023 deadline to serve expert disclosures and reports under Federal Rule of Bankruptcy Procedure 7026(a)(2).

I. As a result of the delay in completing fact discovery and in order to allow the parties time to meet and confer to attempt to resolve any potential discovery disputes, the parties believe good cause exists to extend the remaining deadlines in the Scheduling Order by approximately one month as set forth herein.

NOW, THEREFORE, the parties stipulate as follows:

## **STIPULATION**

1. The following deadlines in the Scheduling Order shall be extended as follows:

    a. Rule 7026(a)(2) expert disclosures must be served by February 16, 2024.

    b. Rule 7026(a)(2)(B) expert reports must be served by February 16, 2024.

    c. Rule 7026(a)(2) rebuttal expert disclosures must be served by March 15, 2024.

    d. Rule 7026(a)(2)(B) rebuttal expert reports must be served by March 15, 2024.

    e. All expert discovery must be propounded in time to be completed by April 5, 2024.

    f. Any supplemental disclosures and discovery responses under Rule 7026(e) must be served by April 5, 2024.

    g. The deadline to file all motions except motions *in limine* concerning admissibility of evidence or conduct of the trial, shall be April 30, 2024.

2. Except as expressly stated herein, all other deadlines in the Scheduling Order shall remain in place.

3. Nothing in this Stipulation is intended to or shall preclude the Trustee from completing the timely fact discovery served in compliance with the Scheduling Order, including completing the previously-noticed depositions of Defendants Vey's Powersports, Inc. and Stephen Cavadias.

DATED: December 20, 2023

FINLAYSON TOFFER
ROOSEVELT & LILLY LLP

By: */s/ Jesse S. Finlayson*
Jesse S. Finlayson

Attorneys for Plaintiff Christopher R. Barclay, Chapter 7 Trustee

DATED: December 20, 2023

SELTZER CAPLAN MCMAHON VITEK
a Law Corporation

By: */s/ Dennis J. Wickham*
Dennis J. Wickham

Attorneys for Defendants Stephen Cavadias, as the Trustee of the Cavadias Family 2003 Trust and Vey's Powersports, Inc.

DATED: December 20, 2023

ROBBERSON SCHROEDTER LLP

By: */s/ Christine M. Fitzgerald*
Christine M. Fitzgerald

Attorneys for Defendants Robert Rosenberg and Vicky Rosenberg

3

# PROOF OF SERVICE

I, Hind Abdulkadar, am a resident of the State of California, over the age of 18 years, and not a party to this action. On December 20, 2023, I served ☑ a true copy / ☐ the original of the foregoing document(s) described as:

**STIPULATION TO MODIFY ADVERSARY PROCEEDING SCHEDULING ORDER**

✓ **BY CM/ECF NOTICE OF ELECTRONIC FILING**: Pursuant to controlling General Orders, a true copy will be served by the Court via Notice of Electronic Filing ("NEF") and hyperlink to the document. I checked the CM/ECF docket for this case and determined that the parties on the attached Service List are on the Electronic Mail Notice List to receive NEF transmission at the electronic mail addresses noted.

___ **BY UNITED STATES MAIL**: I enclosed the document(s) in a sealed envelope or package to the parties on the attached Service List and placed it for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

___ **BY OVERNIGHT DELIVERY**: I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the parties on the attached Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

___ **BY ELECTRONIC MAIL**: I caused the document(s) to be sent to the parties on the attached Service List at the electronic mail addresses listed.

___ **BY FACSIMILE**: I faxed the document(s) to the parties on the attached Service List at the fax numbers listed. No error was reported by the fax machine that I used. A fax transmission record was printed, a copy of which is maintained by this office.

___ **BY MESSENGER SERVICE**: I provided the document(s) to a professional messenger service for delivery to the parties on the attached Service List.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on December 20, 2023.

                                                              */s/ Hind AbdulKader*
                                                              Hind Abdulkadar

4

*Barclay v. Cavadias*
U.S.B.C. Adv. Case No. 23-90001-CL

### SERVICE LIST

<u>BY NEF</u>
- Christopher R. Barclay admin@crb7trustee.com; admin@crb7trustee.com
- Dennis J. Wickham wickham@scmv.com
- Jesse S. Finlayson jfinlayson@ftrlfirm.com; hkader@ftrlfirm.com
- Maggie Schroedter maggie@thersfirm.com