MAGGIE E. SCHROEDTER, ESQ. (Bar No. 270377)
maggie@thersfirm.com
CHRISTINE M. FITZGERALD, ESQ. (Bar No. 259014)
christine@theRSfirm.com
LANE HILTON, ESQ. (Bar No. 314892)
lane@thersfirm.com
ROBBERSON SCHROEDTER LLP
501 West Broadway, Suite 1250
San Diego, California 92101
(619) 353-5691
Attorneys for Defendant, ROBERT ROSENBERG

DENNIS J. WICKHAM, ESQ. (Bar No. 89835)
wickham@scmv.com
DAKOTA HICKINGBOTTOM, ESQ. (Bar No. 339789)
hickingbottom@scmv.com
SELTZER CAPLAN MCMAHON VITEK
A Law Corporation
2100 Symphony Towers, 750 B Street
San Diego, California 92101-8177
Telephone: (619) 685-3003

Attorneys for Defendants STEPHEN CAVADIAS, individually and as the Trustee of the CAVADIAS FAMILY 2003 TRUST; VICKY ROSENBERG; and VEY'S, POWERSPORTS, Inc.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>VEY'S BANDIT, LLC,<br><br>                Debtor.<br><br>CHRISTOPHER R. BARCLAY, chapter 7 trustee,<br><br>                Plaintiff,<br><br>v.<br><br>STEPHEN CAVADIAS, an individual and as the Trustee of THE CAVADIAS FAMILY 2003 TRUST; ROBERT ROSENBERG, an individual; VICKY ROSENBERG, an individual; VEY'S POWERSPORTS, INC., a California corporation, and DOES 1 through 50, inclusive,<br><br>                Defendant. | BK CASE NO. 22-00294-CL7<br><br>Chapter 7<br><br>ADV. CASE NO. 23-90001-CL<br><br>**DEFEDANTS' OBJECTIONS TO DECLARATION OF CHRISTOPHER R. BARCLAY**<br><br>JUDGE: Hon. Christopher B. Latham<br>DATE: 7/3/2024<br>TIME: 2:00 p.m.<br>DEPT.: 1 – Room 218 |

1

Defendants Robert Rosenberg, Stephen Cavadias, individually and as the Trustee of the Cavadias Family 2003 Trust; Vicky Rosenberg; And Vey's Powersports, Inc. ("Defendants") submit the following objections to the Declaration of Christopher Barclay ("Barclay") filed in opposition to Defendants' Motion for Partial Summary Judgment.

| **DECLARATION** | **OBJECTION** |
|---|---|
| 1. Barclay Decl., ¶ 7:<br><br>*The facts stated in the Opposition are true and correct to the best of my knowledge."* | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>IMPROPER OPINION TESTIMONY<br>(Declarant not designated as expert)<br><br>The Trustee purports to testify as to every fact stated in the opposition. He provides no evidence that he has personal knowledge of the events that stated in the argument presented in the Trustee's Memorandum of Points and Authorities. Indeed, he limits his statement by adding "to the best of my knowledge." Some of the argument refers to statements by third parties to have not submitted declarations, and the Trustee's statement that those statements are true are inadmissible hearsay.<br><br>The Trustee was not designated as an expert witness on any topic other than in rebuttal to defendant's expert on the issue of whether any transfers were made in the ordinary course of business. His opinions and conclusions are inadmissible opinion and argument.. |

2

| | | |
|---|---|---|
| 2. Barclay Decl., ¶ 8:<br><br>*Vey's Powersports is 100% owned by Defendants Stephen Cavadias and his daughter, Vicky Rosenberg.* | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>The Trustee has no personal knowledge as to the ownership of Vey's Powersports, Inc. This information is not contained in public records, and is not a fact on which the Court may take judicial notice. | |
| 3. Barclay Decl., ¶ 9:<br><br>*Prior to bankruptcy, Mr. Cavadias was the Debtor's Chief Financial Officer . . . and Vicky Rosenberg was its Secretary.* | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>The Trustee has no personal knowledge as to whether the Debtor had any officers. No information about officers is contained in Debtor's Operating Agreement or any public record. It is not a fact on which the Court may take judicial notice. | |
| 4. Barclay Decl., ¶ 11:<br><br>*Based on my discussions with Mr. Wahlster and others, the bikebandit.com business was founded in 1999. Over the next 10 to 15 years, bikebandit.com became a successful and well-regarded online retail business selling primarily motorcycle parts and accessories for street motorcycles, cruisers, Ats, and snowmobiles.* | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>IMPROPER OPINION TESTIMONY<br>(Declarant not designated as expert)<br><br>The Trustee provides no evidence that he has personal knowledge of the events that occurred pre-petition, and states that the conclusion is based on "information and belief."<br><br>The statements made by Mr. Wahlster and other unidentified persons is hearsay.<br><br>The Trustee was not designated as an expert witness on any topic other than in rebuttal to defendant's expert on the issue of whether any transfers were made in the ordinary | |

3

| | | |
|---|---|---|
| | | course of business, and his conclusions as to a website created over 20 years before the filing of the petition is hearsay and inadmissible opinion and argument |
| | 5. Barclay Decl., ¶ 18:<br><br>*I am informed and believe that the Debtor was unable to take advantage of this short-term uptick in business.* | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>IMPROPER OPINION TESTIMONY<br>(Declarant not designated as expert)<br><br>The Trustee provides no evidence that he has personal knowledge of the events that occurred pre-petition, and states that the conclusion is based on "information and belief."<br><br>The Trustee was not designated as an expert witness on any topic other than in rebuttal to defendant's expert on the issue of whether any transfers were made in the ordinary course of business, and his conclusions whether the debtor was "able to take advantage" is hearsay and inadmissible opinion and argument.. |
| | 6. . Barclay Decl., ¶ 18:<br><br>*In fact, the Debtor's records reflect that the significant increase in orders caused substantial problems.*<br><br>. | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>IMPROPER OPINION TESTIMONY<br>(Declarant not designated as expert)<br><br>The Trustee provides no evidence that he has personal knowledge of the events that occurred pre-petition, and states that the |

| | |
|---|---|
| | conclusion is based on "information and belief." |
| | The Trustee's conclusions as to what the records "reflect" is hearsay and inadmissible opinion. He identifies no such records. |
| | The Trustee was not designated as an expert witness on any topic other than in rebuttal to defendant's expert on the issue of whether any transfers were made in the ordinary course of business. His opinions and conclusions whether or not an increase in orders " caused substantial problems" is hearsay and inadmissible opinion and argument.. |
| 7. Barclay Decl., ¶ 18:<br><br>*Among other things, the Debtor accepted many more orders than it could realistically fulfill in a timely manner, leaving customers frustrated when their orders were not fulfilled.* | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>IMPROPER OPINION TESTIMONY<br>(Declarant not designated as expert)<br><br>The Trustee provides no evidence that he has personal knowledge of the events that occurred pre-petition, and states that the conclusion is based on "information and belief."<br><br>Assuming the Trustee is purporting to render opinions and conclusions as to what the records "reflect," the statement is hearsay and inadmissible opinion. He identifies no such records.<br><br>The Trustee was not designated as an expert witness on any topic other than in rebuttal to defendant's expert on the issue of whether any transfers were made in the ordinary course of business. His opinions and conclusions whether or not the Debtor accepted more orders than it could "realistically fulfil or whether any customers were "frustrated" is hearsay and inadmissible opinion. |
| 8. Barclay Decl., ¶ 20: | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE |

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

5

| | |
|---|---|
| *A true and accurate copy of the Letter of Intent (the "LOI") between the Debtor and Powersports Plus dated December 11, 2020 (and countersigned by Robert Rosenberg on December 16, 2020) is attached to this Declaration as **Exhibit D**.* | (Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHE BY DANGER OF UNFAIR PREJUDICE<br>(Fed. R. Evid. 403)<br><br>RELEVANCE<br>(Fed. R. Evid. 401)<br><br>Defendants object to the Trustee's introduction of the LOI to prove value. The Trustee provides no evidence that he has personal knowledge as to the value of the inventory or the goodwill.<br><br>The LOI exhibit is an out of court statement offered for the truth of the matter asserted, and the Trustee makes no showing of an allowable exception to the rule against hearsay. The LOI is not a party admission as to value. Rather, it represents that, at most, the parties were negotiating a potential purchase of Debtor's assets. The probative value of this evidence is substantially outweighed by the danger of unfair prejudice in that a LOI is inadmissible and is irrelevant as to the value of the business assets at the time.  See *Rennick v. O.P.T.I.O.N. Care, Inc.* 77 F3d 309 (9th Cir. 1996).<br><br>The LOI is irrelevant to the discussion of value, and the Trustee may not introduce the LOI for this purpose. |
| 9.  Barclay Decl., ¶ 24:<br><br>*At about the same time, due to supply change issues related to the COVID-19 pandemic and general mismanagement, the Debtor accepted many orders it could not fulfill in a timely manner.* | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>IMPROPER OPINION TESTIMONY<br>(Declarant not designated as expert)<br><br>The Trustee provides no evidence that he has personal knowledge of the events that occurred pre-petition, and states that the conclusion is based on "information and belief." |

| | |
|---|---|
| | Assuming the Trustee is purporting to render opinions and conclusions as to what the records "reflect," the statement is hearsay and inadmissible opinion. He identifies no such records.<br><br>The Trustee was not designated as an expert witness on any topic other than in rebuttal to defendant's expert on the issue of whether any transfers were made in the ordinary course of business. His opinions and conclusions whether or not there was any "general mismanagement" or whether the Debtor "accepted orders it could not fulfil in a timely manner" is hearsay and inadmissible opinion. |
| 10. Barclay Decl., ¶ 25:<br><br>*To supplement its cash flow, the Debtor's management decided to delay refunding consumer charges on unfulfilled orders . . . .* | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>IMPROPER OPINION TESTIMONY<br>(Declarant not designated as expert)<br><br>The Trustee provides no evidence that he has personal knowledge of the events that occurred pre-petition, and states that the conclusion is based on "information and belief."<br><br>Assuming the Trustee is purporting to render opinions and conclusions as to what the records "reflect," the statement is hearsay and inadmissible opinion. He identifies no such records.<br><br>The Trustee was not designated as an expert witness on any topic other than in rebuttal to defendant's expert on the issue of whether any transfers were made in the ordinary course of business. His opinions and conclusions whether or not there was any "delay in refunding consumer charges" is hearsay and inadmissible opinion. Defendants agree that the evidence is undisputed that all payments made by consumers for orders placed with the debtor were used to pay the Debtor's operating expenses, and do not object to the declaration statement that |

| | | |
|---|---|---|
| | | payments made by customers at the time they placed orders were used by the Debtor to pay ordinary operating expenses. |
| | 11. Barclay Decl., ¶ 26:<br><br>*In total, the Debtor misappropriated approximately $646,000.00 from 3,400 credit card purchasers. These consumers placed orders with the Debtor, had their credit cards charged, and never received delivery of their order. According to the Debtor's accounting records, the Debtor also collected and retained sales taxes for these phantom sales.* | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>IMPROPER OPINION TESTIMONY<br>(Declarant not designated as expert)<br><br>The Trustee provides no evidence that he has personal knowledge of the events that occurred pre-petition, and states that the conclusion is based on "information and belief."<br><br>The Trustee argues, without any evidentiary support that the Debtor "misappropriated" funds. In fact, the Trustee knows that all funds paid by customers at the time they placed an order with the debtor were used by the debtor "to pay the debtor's operating expenses." Barclay Declaration, paragraph 18.<br><br>Misappropriation is defined as "[t]he application of "another's property or money dishonestly to one's own use. See EMBEZZLEMENT." *Black's Law Dictionary* 449 (2d Pocket ed. 2001). (*United States v. Stone* (9th Cir. 2006) 215 F.App'x 601, 602-603.<br>The Trustee knows that nothing of the sort happened in this case. The Debtor was paid for purchases at the time the order was placed, and used those funds to pay ordinary business expenses. Defendants respectfully submit that the allegation of misappropriate should be stricken.<br><br>Similarly, the Trustee argues, without any evidentiary support, that there were "phantom sales." The Trustee knows that real customers placed real orders.<br><br>The Trustee was not designated as an expert witness on any topic other than in rebuttal to defendant's expert on the issue of whether any transfers were made in the ordinary |

8

| | | |
|---|---|---|
| | | course of business. His opinions and conclusions whether or not there were "phantom sales" or that using payments by customers for ordinary business expenses caused any damage to the Debtor is hearsay and inadmissible opinion.. |
| | 12. Barclay Decl., ¶ 28<br><br>*In late May 2021, the Debtor engaged insolvency counsel and, a short time later, began preparing to file bankruptcy.* | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>The Trustee provides no evidence that he has personal knowledge of the events that occurred pre-petition. To the extent his opinion is based on a statement by someone with personal knowledge, it is hearsay as to that person's statement. |
| | 11. Barclay Decl., ¶ 28:<br><br>*In Fall 2021, Mr. Rosenberg directed the Debtor to transfer a substantial portion of its inventory to its parent company, Vey's Powersports.* | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>The Trustee provides no evidence that he has personal knowledge of the events that occurred pre-petition. To the extent his opinion is based on a statement by someone with personal knowledge, it is hearsay as to that person's statement. |
| | 12. Barclay Decl., ¶ 28<br><br>*Beginning in or about August through approximately December 2021, the Debtor moved hundreds (possibly thousands) of items of inventory from its warehouse to the Vey's Powersports dealership. Estimates of the exact value of the transferred inventory vary* | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>IMPROPER OPINION TESTIMONY<br>(Declarant not designated as expert)<br><br>The Trustee provides no evidence that he has personal knowledge of the events that |

9

| | | |
|---|---|---|
| | *from the low six figures to $565,500.00* | occurred pre-petition. To the extent his opinion is based on a statement by someone with personal knowledge, it is hearsay as to that person's statement.<br><br>The Trustee was not designated as an expert witness on any topic other than in rebuttal to defendant's expert on the issue of whether any transfers were made in the ordinary course of business. His opinions and conclusions as to the value of the inventory at the time of any transfer is inadmissible opinion. |
| | 13. Barclay Decl., ¶ 30:<br><br>*Mr. Isenhower's emails attached spreadsheets listing the specific inventory transferred from the Debtor to Vey's Powersports and its cost value. According to these spreadsheets, the cost value of the transferred inventory was $255,889.90. I am informed and believe that the fair market retail value of the transferred inventory was substantially higher than the cost value.* | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>IMPROPER OPINION TESTIMONY<br>(Declarant not designated as expert)<br><br>The Trustee provides no evidence that he has personal knowledge of the events that occurred pre-petition. To the extent his opinion is based on a statement by someone with personal knowledge, it is hearsay as to that person's statement.<br><br>The Trustee's statement about what is contained in Mr. Isenhower's emails is hearsay.<br><br>The Trustee was not designated as an expert witness on any topic other than in rebuttal to defendant's expert on the issue of whether any transfers were made in the ordinary course of business. His opinions and conclusions as to the value of the inventory at the time of any transfer is inadmissible opinion. |
| | 14. Barclay Decl., ¶ 32:<br><br>*The Debtor's former Warehouse Manager, Juan D. Sotelo, also testified that substantial additional inventory was transferred from the Debtor to Vey's Powersports that was not* | HEARSAY<br>(Fed. R. Evid. 810)<br><br>The Trustee's statement about what someone else stated is hearsay. |

10

| | | |
|---|---|---|
| | *reflected in Mr. Isenhower's emails.* | |
| | 15. Barclay Decl., ¶ 33:<br><br>*Initially, the Debtor's management team informed the accounting department that the inventory transfers were being made to pay down the Debtor's intercompany debt to Vey's Powersports. Instead, the Debtor "wrote down" the amount of its inventory in its accounting records. The net effect of this inventory "write down" was to hide the transfers in the Debtor's books.* | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>IMPROPER OPINION TESTIMONY<br>(Declarant not designated as expert)<br><br>The Trustee provides no evidence that he has personal knowledge of the events that occurred pre-petition. To the extent his opinion is based on a statement by someone with personal knowledge, it is hearsay as to that person's statement.<br><br>The Trustee's statement about what an unidentified person in the "management team" to an unidentified person in the "accounting team" is hearsay.<br><br>The Trustee was not designated as an expert witness on any topic other than in rebuttal to defendant's expert on the issue of whether any transfers were made in the ordinary course of business. His opinions and conclusions as to the "net effect" of any alleged "write down" is inadmissible opinion. |
| | 16. Barclay Decl., ¶ 37:<br><br>*The price reduction was necessary because the Debtor's landlord (Mr. Cavadias as Trustee of the Cavadias Family 2003 Trust) transferred a significant portion of the Debtor's remaining inventory to a painter/repairman to pay a $24,300 bill owed by the landlord."* | SETTLED AND RELEASED CLAIMS<br><br>As the Court may recall, all of the Trustee's claims with respect to the transfer of inventory were settled and released in connection with a Settlement approved by this court. (Docket No. 26) As a result, the statements have no relevance on the issue of damages presented in this motion. |

11

| | | |
|---|---|---|
| | 17. **Exhibit C** | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHE BY DANGER OF UNFAIR PREJUDICE<br>(Fed. R. Evid. 403)<br><br>RELEVANCE<br>(Fed. R. Evid. 401)<br><br>Defendants object to the Trustee's introduction of the allocations in the APA to establish the value of the inventory or other intangibles. The Trustee provides no evidence that he has personal knowledge as to the value of the inventory or the goodwill.<br><br>The allocation in the APA exhibit is an out of court statement offered for the truth of the matter asserted, and the Trustee makes no showing of an allowable exception to the rule against hearsay. Further, the Trustee provides no factual support for the allocations in the APA. [Doc. No. 44-3 at ¶ 9.] *See Stillwell v. RadioShack Corp.*, 676 F.Supp.2d 962, 979 (S.D. Cal. 2009)<br><br>The allocation in the APA is irrelevant to the discussion of value, and the Trustee may not introduce the allocations in the APA for this purpose. |
| | 18. **Exhibit D** | NO FOUNDATION<br>(Fed. R. Evid. 901)<br><br>LACK OF PERSONAL KNOWLEDGE<br>(Fed. R. Evid. 602)<br><br>HEARSAY<br>(Fed. R. Evid. 810)<br><br>PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHE BY DANGER OF UNFAIR PREJUDICE<br>(Fed. R. Evid. 403)<br><br>RELEVANCE<br>(Fed. R. Evid. 401) |

|  | Defendants object to the Trustee's introduction of the LOI to prove value. The Trustee provides no evidence that he has personal knowledge as to the value of the inventory or the goodwill.<br><br>The LOI exhibit is an out of court statement offered for the truth of the matter asserted, and the Trustee makes no showing of an allowable exception to the rule against hearsay. The LOI is not a party admission as to value. Rather, it represents that, at most, the parties were negotiating a potential purchase of Debtor's assets. The probative value of this evidence is substantially outweighed by the danger of unfair prejudice in that a LOI is inadmissible and is irrelevant as to the value of the business assets at the time. See *Rennick v. O.P.T.I.O.N. Care, Inc.* 77 F3d 309 (9th Cir. 1996).<br><br>The LOI is irrelevant to the discussion of value, and the Trustee may not introduce the LOI for this purpose. |
|---|---|

DATED: June 18, 2024        ROBBERSON SCHROEDTER LLP

By: /s/ *Christine M. Fitzgerald*
MAGGIE E. SCHROEDTER, ESQ.
CHRISTINE M. FITZGERALD, ESQ.
LANE C. HILTON, ESQ.
Attorneys for Defendant
Robert Rosenberg

DATED: June 18, 2024        SELTZER CAPLAN MCMAHON VITEK

By: /s/ *Dennis J. Wickham*
DENNIS J. WICKHAM, ESQ.
DAKOTA HICKINGBOTTOM, ESQ.
Attorneys for Defendants
STEPHEN CAVADIAS, Individually and as Trustee of the CAVADIAS FAMILY 2003 TRUST; VICKY ROSENBERG; and VEY'S POWERSPORTS, INC.